UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE SIMMONS,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                                      Case No. 1:19-CV-302

KAREN SIMMONS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on April 19, 2019, against Karen Simmons. (ECF No. 1). As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If

the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction.  A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts.  As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiff alleges that Defendant secured a Personal Protective Order (PPO) against him through false and injurious statements.  This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal" of the decision by a state court to issue the PPO in question.  *See Exxon*

2

*Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 528 Fed. Appx. at 562-63 (same). Moreover, the Court has the obligation to address issues of subject matter jurisdiction *sua sponte*. *See, e.g., Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Accordingly, the undersigned recommends that this matter be dismissed on the ground that this Court lacks subject matter jurisdiction over this action.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: May 15, 2019    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge